```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

J. SAMUEL FRIEDMAN, M.D.,

    Plaintiff,

v.                                    CIVIL ACTION NO. 2:04-0406

CHARLESTON AREA MEDICAL
CENTER,

    Defendant.

## MEMORANDUM OPINION

By Order entered March 31, 2005, the court denied defendant's motion to dismiss or for summary judgment. The reasons for that decision follow.

### I. Background

These facts are taken from plaintiff's complaint which, for purposes of this motion to dismiss, must be taken as true. This cases arises out of defendant Charleston Area Medical Center, Inc.'s ("CAMC") suspension of plaintiff's, J. Samuel Friedman ("Dr. Friedman"), medical staff privileges and its reporting of that suspension to the National Practitioner Data Bank and the Healthcare Integrity Protection Data Bank (collectively "the Banks"). Complaint ¶ 1. Dr. Friedman has asked the court to declare that defendant's actions were and are void and of no effect. See id. He also seeks compensatory and punitive damages and an injunction "restraining and enjoining CAMC from further interfering with Dr. Friedman's attempts to engage in the practice of medicine." Id.

Defendant moved to dismiss the complaint on several grounds.  First, defendant contends that plaintiff has failed to exhaust his administrative remedies and that this court should exercise its discretion to dismiss pursuant to the "primary jurisdiction doctrine."  Second, according to defendant, the complaint also fails to state factual allegations that support the need for a declaratory judgment, or that form the basis of a cause of action for damage to professional reputation and tortious interference.  Third, defendant argues that plaintiff's complaint cannot stand because of the presumptive immunity afforded by the Health Care Quality Improvement Act of 1986 ("HCQIA") which prohibits claims for civil damages against CAMC.  Finally, defendant contends that plaintiff's request for injunctive relief is misplaced because CAMC is taking no steps that can be enjoined.

In response, plaintiff argues that the primary doctrine jurisdiction should not bar him from bringing suit in this court. Plaintiff further contends that the remainder of plaintiff's motion is premature as there has been no discovery conducted in the case as of the filing of defendant's motion.  To that end, counsel for plaintiff, George Guthrie, has submitted an affidavit attesting to his need for discovery in order to adequately respond to defendant's assertions.

## II. Standard of Review

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty

that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

### III. Analysis

A.   *Primary jurisdiction doctrine*

The doctrine of "primary jurisdiction" is a court-created doctrine that "is concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties." Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 303 (1976) (internal citations and quotations omitted). In determining whether to apply the doctrine, courts will look at whether "(1) the cases involve a matter within the special expertise of the agency; and (2) there is a need to promote uniformity in administrative policy or a possibility of inconsistent results between the courts and the agency." Bussian, v. DaimlerChrysler Corp., 411 F. Supp.2d 614, 627 (M.D.N.C. 2006) (citing Far East Conf. v. United States, 342 U.S. 570 (1952)).

Defendant asks the court to dismiss this case because Dr. Friedman failed to exhaust all administrative remedies available to him before filing his complaint in this court.  Judge Goodwin of this court recently had the opportunity to address just this issue in another case filed against the defendant herein, CAMC.  See Wahi v. Charleston Area Medical Center, 2004 WL 2418316 (S.D. W.Va. 2004).  In Wahi, Judge Goodwin declined to stay proceedings in that case pending CAMC's peer review process.  See id. at *3-5.  According to Judge Goodwin, his case did "not present the type of difficult factual questions contemplated by the primary jurisdiction doctrine."  Id. at *4.

For all the reasons explained in Judge Goodwin's thorough and well-reasoned opinion, the court believes that there is no basis for applying the primary jurisdiction doctrine in this case.  The court can add little, if anything, to Judge Goodwin's analysis and to say more would be an exercise in needless rewriting.

B.	*Immunity Provisions of HCQIA*

According to defendant, plaintiff's claims for damage to his professional reputation and tortious interference are barred by the immunity provisions of HCQIA.  Defendant may indeed be right.  However, at this stage of the proceeding the court cannot so find because plaintiff has alleged there are factual issues that need to be resolved.  After the completion of discovery, defendant may file a motion for summary judgment on this ground.

C.	*Defendant's Other Arguments*

As to defendant's other grounds for dismissal, the court agrees with plaintiff that they were not appropriate for resolution prior to any discovery having taken place. Defendant is, of course, free to renew its motion once plaintiff has had an opportunity for discovery.

### IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss or for summary judgment was DENIED without prejudice. The Clerk is directed to send copies of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 29th day of June, 2006

ENTER:

David A. Faber
Chief Judge